**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4251**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID SHERWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:18-cr-00314-PJM-1)

Submitted: October 8, 2019                    Decided: October 24, 2019

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Hughie D. Hunt, II, KEMET HUNT LAW GROUP, INC., Beltsville, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Sherwood appeals his simple assault conviction. On appeal, he asserts that the district court erred by affirming the magistrate judge's ruling denying Sherwood's motion to suppress his statements. We affirm.

Sherwood contends that he was interrogated in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Specifically, Sherwood contends that he did not feel free to leave—he was seated in a room in a secure facility and could not easily exit. He asserts that the interrogation was lengthy and that the environment was "police-dominated."

On appeal from the district court's denial of a motion to suppress evidence, we review the factual findings underlying the decision for clear error and the district court's legal conclusions de novo. *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017). Additionally, we review "the legal determination that the statement was voluntary de novo." *United States v. Holmes*, 670 F.3d 586, 591 (4th Cir. 2012) (citing *United States v. Mashburn*, 406 F.3d 303, 306 (4th Cir. 2005)). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *Bullette*, 854 F.3d at 265.

To determine whether a person is in custody and therefore may not be interrogated without being advised of their *Miranda* rights, the court must resolve whether, "under the totality of the circumstances, a suspect's freedom of action was curtailed to a degree associated with formal arrest." *United States v. Hashime*, 734 F.3d 278, 282 (4th Cir. 2013) (internal quotation marks, alterations, and citation omitted). In making this determination, the court considers "whether a reasonable person would have felt he or she was not at

2

liberty to terminate the interrogation and leave." *Id.* at 282–83 (internal quotation marks, alterations, and citations omitted).

> Facts relevant to the custodial inquiry include, but are not limited to, 'the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the presence of multiple officers, the potential display of a weapon by an officer, and whether there was any physical contact between the officer and the defendant.'

*Id.* at 283 (quoting *United States v. Day*, 591 F.3d 679, 696 (4th Cir. 2010)).

Here, Sherwood voluntarily went to the agent's office after he was requested to do so. The agents informed Sherwood that he was not under arrest and that he was free to leave. The interview was not confrontational, and the officers were unarmed and not in uniform. We find that, reviewing the totality of the circumstances, Sherwood was not in custody during this encounter. Accordingly, we affirm the district court's denial of Sherwood's motion to suppress his statements.

We therefore affirm Sherwood's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*